## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## WAYCROSS DIVISION

HUBERTO ESPINDOLA-SOTO,

   Plaintiff,

  v.

TRACY JOHNS; UNKNOWN OFFICER
ONE; and UNKNOWN OFFICER TWO,

   Defendants.

CIVIL ACTION NO.: 5:18-cv-42

### ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, currently an inmate at D. Ray James Correctional Institution in Folkston, Georgia, filed a Complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) Plaintiff also filed a Motion for Leave to Proceed *in Forma Pauperis*. (Doc. 3.) For the reasons set forth below, I **RECOMMEND** that the Court **DISMISS** Plaintiff's putative claims against Defendant Tracy Johns for failure to state a claim[1] and **TRANSFER** Plaintiff's case to the Richmond Division of

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A Magistrate Judge's Report and Recommendation ("R&R") provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that R&R served as notice that claims would be *sua sponte* dismissed). This R&R constitutes fair notice to Plaintiff that his suit is barred and due to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the District Court will review *de novo* properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562-TWT-JFK, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's R&R constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond). Additionally, this R&R provides Plaintiff the opportunity to amend his Complaint to correct the deficiencies noted herein. See Fed. R. Civ. P. 15. Should Plaintiff seek to amend his Complaint, he must file the amendment within **fourteen (14) days** from the date of this R&R.

the Eastern District of Virginia.  Should the Court adopt these Recommendations, the Court should **TRANSFER** Plaintiff's surviving claims against the remaining Unknown Officer Defendants and his Motion for Leave to Proceed *in Forma Pauperis* to the Richmond Division of the Eastern District of Virginia.

## PLAINTIFF'S ALLEGATIONS[2]

On December 6, 2016, Plaintiff was involved in vehicular accident in Vanceboro, North Carolina.  (Doc. 1, pp. 4–5.)  According to Plaintiff, during a police transport to the Virginia Piedmont Regional Jail, one of the Unknown Officer Defendants stopped the van on train tracks and another car crashed into the back of the van.  (Id. at pp. 4, 6.)  Plaintiff suffered injury to his right shoulder and back because the Unknown Officer Defendants failed to properly secure Plaintiff in the van while transporting him to the Virginia Piedmont Regional Jail.  (Id.)  Plaintiff states that his injuries continue to cause him pain because he has not been given proper medical treatment at each institution he has been incarcerated at, including the Virginia Piedmont Regional Jail, Plaintiff's place of confinement immediately after the accident.  (Id. at pp. 6, 9.)  Plaintiff claims officials at each of these places of confinement have precluded him from pursuing administrative remedies.  (Id. at p. 9.)  As relief, Plaintiff requests monetary damages and an injunction for proper medical care.  (Id. at p. 6.)

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983.  Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of

---

[2]  The below recited facts are taken from Plaintiff's Complaint, and are accepted as true, as they must be at this stage.

the action which shows that he is entitled to redress.  Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii).  Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity.  Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances).  Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'"  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010).  Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not" suffice. <u>Twombly</u>, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." <u>Bilal</u>, 251 F.3d at 1349 (quoting <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972); <u>Boxer X v. Harris</u>, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . .") (quoting <u>Hughes v. Lott</u>, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I.    Dismissal of Defendant Tracy Johns

Plaintiff's Complaint is devoid of any factual allegations against Defendant Johns. Although Plaintiff seems to take issue with the medical care he received at "all the institutions" he has been incarcerated at following the accident, he makes no specific factual allegations regarding his treatment at D. Ray James, much less any allegations against Defendant Johns. (Doc. 1, p. 9.) To the point, Plaintiff complains only about treatment in Virginia, Oklahoma, and Ohio. (<u>Id.</u>)

As noted above, Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a plaintiff need not provide detailed factual allegations, a complaint is insufficient if it offers no more than "labels and conclusions," or "an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (citations omitted). Here, even construing Plaintiff's Complaint liberally, he fails to state a claim against Defendant Johns because he makes no factual allegations at all against this Defendant. In fact, Plaintiff only mentions Defendant Johns in the case caption. Accordingly, Plaintiff fails to state a claim upon which relief can be granted. See Anderson v. Fulton Cty. Gov't, 485 F. App'x 394 (11th Cir. 2012) (per curiam) (dismissal proper where plaintiff failed to describe any specific allegations against defendant).

Accordingly, the Court should **DISMISS** Plaintiff's claims against Defendant Johns.[3]

## II.    Transfer of Remaining Claims

Upon review of Plaintiff's Complaint, it is clear Plaintiff contests events allegedly perpetrated by Unknown Officer Defendants who presumably reside in Prince Edward County, Virginia, where Virginia Piedmont Regional Jail is located. (Doc. 1.) Although Plaintiff states the accident occurred on Highway 17 in Vanceboro, North Carolina, he makes clear that he was being transferred to Virginia Piedmont Regional Jail by Unknown Officer Defendants employed there. (Id. at pp. 1, 4–5, 9.) Thus, venue over Plaintiff's claims against the remaining Defendants is not proper in the Southern District of Georgia.

---

[3] To the extent Plaintiff attempts to state a claim against Defendant Johns based on his supervisory status as warden, he also fails to state a claim. Liability under Section 1983 cannot attach based merely on a defendant's supervisory status. Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Braddy v. Fla. Dep't of Labor & Emp't Sec., 133 F.3d 797, 801 (11th Cir. 1998); see also Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011) (per curiam) (stating grounds sufficient to establish a supervisor's liability).

A district court may raise the issue of defective venue *sua sponte*.  Collins v. Hagel, No. 1:13-CV-2051-WSD, 2015 WL 5691076, at *1 (N.D. Ga. Sept. 28, 2015) (citing Kapordelis v. Danzig, 387 F. App'x 905, 906–07 (11th Cir. 2010) (per curiam) (affirming *sua sponte* transfer, pursuant to 28 U.S.C. § 1406(a), of *pro se* prisoner's civil rights action from New York to Georgia); Berry v. Salter, 179 F. Supp. 2d 1345, 1350 (M.D. Ala. 2001); Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988) (*sua sponte* transfer permissible when plaintiff given opportunity to respond); Nalls v. Coleman Low Fed. Inst., 440 F. App'x 704, 706 (11th Cir. 2011) (per curiam) (upholding transfer of prisoner civil rights action against unknown defendants)).  When venue is improper, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought."  28 U.S.C. § 1406(a).  "The court may transfer the case if (1) the proposed transferee court is one in which the action 'could have been brought' and (2) transfer would be 'in the interest of justice.'"  Leach v. Peacock, Civil Action No. 2:09cv738-MHT, 2011 WL 1130596, at *4 (M.D. Ala. Mar. 25, 2011) (citing 28 U.S.C. § 1406(a)).  Trial courts generally have broad discretion in determining whether to transfer or dismiss a case.  Id. (citing England v. ITT Thompson Indus., Inc., 856 F.2d 1518, 1520 (11th Cir. 1988)).

This Court is not the proper venue to hear Plaintiff's claims against the named Unknown Officer Defendants.  28 U.S.C. § 1391(b) sets forth the applicable venue provisions:

> A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Plaintiff complains about events perpetrated by Unknown Officer Defendants who presumably reside in Prince Edward County, Virginia, where these Defendants transported Plaintiff following the accident.  (Doc. 1, p. 4.)  Moreover, Plaintiff states these Defendants are employees of the Virginia Piedmont Regional Jail, (id. at p. 1), which is located in Prince Edward County.  Therefore, as Prince Edward County is located within the Eastern District of Virginia, 28 U.S.C. § 127(a), venue is proper in that District, 28 U.S.C. § 1391(b)(1).  Accordingly, in the interest of justice, the Court should **TRANSFER** Plaintiff's Complaint and remaining claims, and hence, this case, to the Richmond Division of the United States District Court for the Eastern District of Virginia.

## CONCLUSION

For the foregoing reasons, I **RECOMMEND** that the Court **DISMISS** Plaintiff's putative claims against Defendant Tracy Johns for failure to state a claim and **TRANSFER** Plaintiff's case to the Richmond Division of the Eastern District of Virginia.  Should the Court adopt these Recommendations, the Court should **TRANSFER** Plaintiff's remaining claims against the remaining Unknown Officer Defendants and his Motion for Leave to Proceed *in Forma Pauperis* to the Richmond Division of the Eastern District of Virginia.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

7

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED**, this 16th day of July, 2018.

_____

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

8